PEOPLE *ex rel.* FOX *v.* HAYDEN, Police Commissioner.

(*Supreme Court, General Term, Second Department.* July 18, 1890.)

MUNICIPAL CORPORATIONS—REMOVAL OF BOILER INSPECTORS.
   Boiler inspectors in the city of Brooklyn are not within the protection provided for members of the police force, and cannot demand a trial before their removal.

*Certiorari* to review the action of Henry L. Hayden, police and excise commissioner of the city of Brooklyn, in removing relator, Richard Fox, from the position of boiler inspector in said city. Relator contends that he is not subject to removal except in the manner provided by law for the removal of uniformed members of the police force.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Sidney Williams, for relator.   F. A. McCloskey, for respondent.

DYKMAN, J.   This is a proceeding by *certiorari* to bring before the court for review the action of the commissioner of police of the city of Brooklyn in the removal of the relator from the position of boiler inspector in that city. The relator received his appointment under and in pursuance of the provisions of section 52, tit. 11, c. 863, of the Laws of 1873, for the purpose of carrying into execution and practical operation the provisions of the three preceding sections respecting the location and operation of steam-boilers in the city of Brooklyn. These provisions and the mode of appointment of the boiler inspectors were somewhat modified by section 54, tit. 11, c. 583, of the Laws of 1888, but the office and the powers and duties of the officer remained the same. That it was not the intention of the legislature to annex these boiler inspectors to the police force, and make them members thereof, is manifest from the provisions of section 4, tit. 11, c. 583, of the Laws of 1888, where officers and persons who shall constitute the police force of the city are specifically named without mention of boiler inspectors. It is true they are invested with the same powers and granted the same privileges as members of the police force, and the possession of such powers and privileges was doubtless essential to the successful discharge of the duties of their position. But the bestowment upon boiler inspectors of the powers of police officers is far from constituting them members of the police force. We find nothing in the law to indicate a design to make an addition to the police force by the appointment of boiler inspectors, or to do more than secure safety in the use of steam by a proper system of inspection. Such inspectors are therefore not within the protection provided for members of the police force, and cannot demand a trial before their removal. The proceedings of the commissioner should therefore be confirmed. All concur.